```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BENJAMIN CAREATHERS,

              Plaintiff,

         v.                          13 Civ. 369 (KPF)

RED BULL MORTH AMERICA, INC.,
                                     Conference
              Defendant.

------------------------------x
                                     New York, N.Y.
                                     November 1, 2013
                                     3:05 p.m.
Before:

         HON. KATHERINE POLK FAILA

                                     District Judge


         APPEARANCES


CALLAN, KOSTER, BRADY & BRENNAN LLP
     Attorneys for Plaintiffs
BY:  BENEDICT P. MORELLI
     MATTHEW MOORE
     JEREMY ALTERS


SKADDEN, ARPS, MEAGHER, SLATE & FLOM LLP
     Attorneys for Defendant
BY:  KENNETH A. PLEVAN
     JORDAN A. FEIRMAN
```

1                (Case called)

2                THE COURT:  Good afternoon.  This is our first time

3    all together in this case since it was reassigned to me.  Did I

4    get it in the first instance?  No.  The number is too soon for

5    me to have been a judge.  I received it in reassignment.  That

6    was lovely.

7                So far, what I have gotten are a series of letters

8    requesting extensions and discussing the imminence of the

9    settlement.  I'm happy THE parties want to have this

10   discussion.  I would really like to know from whoever would

11   like to tell me what's going on in California and what is

12   contemplated if the case from California makes its way over

13   here, and is there still anticipated settlement in the case and

14   under what terms?  Whoever would like to speak.

15               MR. PLEVAN:  Your Honor, I'll be happy to start.

16               THE COURT:  That's fine.

17               MR. PLEVAN:  This lawsuit was a class action lawsuit

18   filed I believe in January principally with Mr. Feirman, who is

19   much more familiar with the terms of the settlement, as well as

20   my partner from Los Angeles.  There is a memorandum of

21   understanding in writing.  It is about 20 pages long.  It's

22   complicated.  It has been signed.  I understand the parties

23   consider it binding.  That was just signed within the last week

24   or two.  It was negotiated over a long period of time.

25               There are only two cases pending, your Honor.

1   Sometimes when a lawsuit of this type is filed, others are
2   forthcoming.  There are only two.  The parties in the
3   California case stipulated and set forth the reasons why.  At
4   that point there were already significant settlement
5   discussions with a mediator going forward.
6               THE COURT:  Here in New York or in California?
7               MR. PLEVAN:  The first session was in Los Angeles, and
8   the second session was in New York, but with all the parties,
9   the plaintiffs in both cases.  The judge has entered an order
10  in that case transferring it to New York.
11              THE COURT:  That judge might be whom?
12              MR. PLEVAN:  Judge Michael Fitzgerald.  The order was
13  entered within the last two weeks.
14              THE COURT:  That's fine.  I did notice it.  Why I ask
15  is because I have gotten some things from Judge Breyer in San
16  Francisco recently, and I wondered whether he was cleaning out
17  his cabinets and sending everything to Manhattan on the theory
18  that I won't say no to it.  That's fine. Judge Fitzgerald owes
19  me lunch as well, which is lovely.
20              I am told the case is somewhere between California and
21  here.
22              MR. PLEVAN:  Yes.
23              THE COURT:  When it gets to me, the procedure is
24  someone I presume will indicate that it is related to my case
25  and the fine folks in the clerk's office will get it to me and

1  ask if I wish it to be affiliated with the case I currently
2  have, which I will.
3            Is it the parties' contemplation that I would be
4  consolidating the cases?
5            MR. PLEVAN:  Yes, Judge.  What we are hoping is the
6  next time we are here will be on the motion for preliminary
7  approval of a settlement.
8            THE COURT:  Oh, yes.
9            MR. PLEVAN:  There are a number of terms remaining to
10 be hammered out, including the retention of the company that
11 will run the settlement and third-party suppliers as well as
12 notice and that sort of thing.  But the principal terms of
13 payment amounts, etc., have been agreed among the parties,
14 subject of course to notice and preliminary approval by the
15 Court.
16           THE COURT:  What should I be doing?  I'll be looking
17 out for the California case.  When I get it, am I assuming that
18 I should just consolidate it?
19           MR. PLEVAN:  Yes, your Honor.
20           THE COURT:  You're telling me now please consolidate,
21 so I should consolidate?
22           MR. PLEVAN:  Yes, your Honor.  In fact a
23 representative of the plaintiff in California, Mr. Campese, is
24 in the courtroom.  He didn't want to make an appearance,
25 because his case is not here.  But there is no question that

1   everyone is agreed it should be consolidated.

2           THE COURT:  A logistical question.  In terms of the
3   consolidation, do the parties contemplate filing a single
4   amended complaint in New York?  I'm just trying to figure out
5   the mechanics of how this works.

6           MR. ALTERS:  I think we contemplate filing a single
7   motion for approval of settlement together with an amended
8   complaint if necessary at the time.  We would do that as one
9   complaint.  It was discussed during the mediation.  I can't
10  talk about the mediation.

11          THE COURT:  I understand.

12          MR. ALTERS:  We would file everything jointly.  There
13  is a complete agreement between the plaintiffs both from
14  California and New York to do everything together.

15          THE COURT:  The agreement that you are talking of,
16  does it have two captions, one with the plaintiffs named here
17  and one with Mr. Campese's name or someone else?

18          MR. ALTERS:  Correct, yes, at this moment.

19          THE COURT:  Were the parties thinking, is it possible
20  even, to do a single motion for preliminary approval of
21  settlement with two captions, with the cases being held in
22  tandem rather than as consolidated?  I don't know.

23          MR. ALTERS:  Mr. Moore can correct me if I'm wrong,
24  but I think the contemplation is that the case would be
25  consolidated before the motion is filed.  The motion will be

1   filed sometime before January 15th, would be the goal here if
2   your Honor approved of that, hopefully sooner if we can hammer
3   out those other terms to get it done, and it would be filed
4   once the case was consolidated.
5           THE COURT:  I need to find the case and begin the
6   process of consolidating it with the case that I currently
7   have.
8           MR. ALTERS:  Our understanding is that it has already
9   been sent, so it should be here.  It just hasn't gotten to your
10  Honor yet.
11          THE COURT:  I have seen electronic designations about
12  it.  What I need is a document in a red folder telling me it is
13  related.  I just need to sign that.  I know that sounds sort of
14  like grammar school-like, but that is in fact what I have to
15  do.  I am waiting for a red folder to arrive, and I know it is
16  coming.
17          MR. PLEVAN:  Your Honor, I know how it works when you
18  file a lawsuit.  You have the box you can check off.  Is it all
19  right if we communicate with the clerk's office to make sure
20  they understand that?  The order itself doesn't talk about
21  consolidation, only the stipulation in California does.
22          THE COURT:  Let me call the clerk's office and let
23  them know I'm looking for it.  Therefore, if and when they find
24  it, they will know to send it to me.
25          MR. PLEVAN:  Thank you, your Honor.

1          THE COURT:  That's fine.  It sounds like the parties
2 are interested in moving this forward, as am I.  After
3 consolidation, shortly thereafter, you anticipate a motion for
4 preliminary approval of the settlement.  That would involve
5 publication, notice, all sorts of things?
6          MR. ALTERS:  Yes, it would.
7          THE COURT:  Without going into the details of your
8 mediation, are those specifics already set forth in the
9 memorandum of understanding?  That is not what the parties are
10 fighting over right now?
11          MR. ALTERS:  No, that's all laid out. We have
12 agreement -- I can say this, I believe -- sending it to three
13 consulting firms for their quote to see who can do the best
14 job.  We will do that process.  That is all before we file the
15 motion for preliminary approval.  We go through that, we get it
16 to your Honor with a selected company on behalf of the class
17 with the motion, the joint motion together.
18          There are very few terms left.  The terms are more
19 date oriented and specific to that, not to monetary,
20 consulting, or any other thing.
21          MR. PLEVAN:  Your Honor, the concern about the
22 memorandum of understanding is that as of now the parties agree
23 it is confidential.  When we apply to the Court for preliminary
24 approval, it will be attached and it will no longer be
25 confidential.  At that point there is nothing that will be

1  confidential.
2      THE COURT:  I understand.  You want to have all "I"s
3  dotted and "T"s crossed.
4      MR. PLEVAN:  Right.
5      THE COURT:  Anything else I should be aware of or on
6  the lookout for in this case?  Mr. Feirman, I'll let you speak
7  if you want to.
8      MR FEIRMAN:  I think everything has been said that is
9  important.  There will be as part of the preliminary approval a
10 proposed order that will have a further schedule that will set
11 forth timing for a final approval hearing and various other
12 deadlines that need to be met for this procedure.  To second
13 what Mr. Alters said, we have hammered out the crucial details.
14 At this point there are some notice issues in hiring the class
15 action administrator, all things that shouldn't pose any
16 problems going forward.
17     THE COURT:  Thank you.  Anything else, counsel?
18     MR. PLEVAN:  No, your Honor.
19     THE COURT:  Thank you for coming in.  Again, as soon
20 as I see something, I'll let you know.
21     (Adjourned)
22
23
24
25