SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3067
DIRECT FAX
(917) 777-3067
EMAIL ADDRESS
JORDAN.FEIRMAN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 19, 2013

**BY ECF**
Honorable Katherine Polk Failla
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

RE:   *Wolf et al. v. Red Bull GmbH, et al.*, 1:13-cv-08008, as
related to *Careathers v. Red Bull North America, Inc.,
et al*, 1:13-CV-0369 (KPF)

Dear Judge Failla:

    We write on behalf of Defendants Red Bull North America, Inc., Red Bull Distribution Company, Inc., and Red Bull GmbH (collectively, "Red Bull") and Plaintiffs in both of the above-captioned actions (the "Actions") to jointly request that this Court consolidate the Actions pursuant to Federal Rule of Civil Procedure 42(a)(2).

    As discussed with Your Honor at the November 1, 2013 Status Conference, the Actions challenge substantially the same representations in Red Bull's labeling and marketing concerning the functionality of Red Bull energy drinks, and assert nearly identical claims – including for unjust enrichment and violations of state consumer protection statutes – on behalf of the same nationwide class of Red Bull consumers. Following extensive negotiations and mediation among counsel for Red Bull and plaintiffs in both Actions, all three parties agreed to settlement terms (the "Settlement"), as memorialized in a signed memorandum of understanding. In connection with the Settlement, Red Bull and the *Wolf* plaintiffs filed a stipulation in the Central District of California, where the *Wolf* action was originally filed, to transfer the case to the Southern District of New York. Such transfer was effectuated on November 12, 2013, and, on November 19, 2013, the *Wolf* action was accepted as related to the *Careathers* action already pending before this Court.

Honorable Katherine Polk Failla
December 19, 2013
Page 2

Consolidation is appropriate when, as here, actions involve "common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); Fed. R. Civ. P. 42(a). "An invaluable and economizing tool of judicial administration, Rule 42 should be liberally employed to expedite trial and eliminate unnecessary repetition and confusion." *Szymczak v. Nissan N. Am., Inc.*, 10 CV 7493, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citations and quotations omitted).

The *Wolf* plaintiffs, *Careathers* plaintiff and Defendants have conferred and agree, and hereby represent to this Court, that the existence of common questions of law and fact in the two Actions, the lack of prejudice to any party, interests of fair and efficient administration of the Actions, and the avoidance of unnecessary duplicative efforts warrant consolidation of the *Wolf* action with the earlier-filed *Careathers* action. Such consolidation would be in the best interests of all parties and advances judicial economy and the efficient use of resources. *See Szymczak*, 2012 WL 1877306, at *1 (granting consolidation of three class actions "[o]n the consent of all parties" where the actions "involve a common question of law and fact and the gains in efficiency to the Court and the parties outweigh any risks of prejudice to the parties").

Consolidation of the Actions would advance the just, efficient and economical conduct of the litigations by enabling the parties to formalize the global Settlement of all class claims, and seek preliminary approval by this Court. Even if the Settlement were not approved and the Actions proceeded, consolidation would promote judicial consistency and efficiency by eliminating the risk of: (i) duplicative discovery and other proceedings involving the same facts and witnesses; and (ii) inconsistent rulings and verdicts. Further, consolidation will be convenient for parties and their potential witnesses (as well as counsel).

In light of the above, Red Bull, the *Wolf* plaintiffs, and the *Careathers* plaintiff jointly request that the *Wolf* action be consolidated with the *Careathers* action for all purposes pursuant to Federal Rule of Civil Procedure 42(a)(2).

Respectfully submitted,

Jordan Feirman

cc: Counsel for Plaintiffs (via ECF and email)

711089-LACSR01A - MSW