UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN CAREATHERS, individually, and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>RED BULL NORTH AMERICA, INC., a California corporation,<br><br>                              Defendant. | Case No. 1:13-CV-0369 (KPF) |
| DAVID WOLF and MIGUEL ALMARAZ, individually and on behalf of others similarly situated,<br><br>                              Plaintiffs,<br>      v.<br><br>RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA, INC., a California corporation; and RED BULL DISTRIBUTION COMPANY, INC., a Delaware corporation,<br><br>                              Defendants. | Case No. 1:13-CV-08008 (KPF) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 3, 2014

**ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

1.     WHEREAS, the above-captioned lawsuit, *Careathers v. Red Bull North America, Inc.*, was filed on January 16, 2013 in this Court;

2.     WHEREAS, the above-captioned lawsuit, *Wolf et al. v. Red Bull GmbH et al.*, was originally filed in the Central District of California, CV 13-01444 (C.D. Cal.), but was transferred to this Court on November 12, 2013 and consolidated with the *Careathers* action by order of this Court on December 20, 2013.

3.     WHEREAS, this cause came before the Court on a joint Motion for Preliminary Approval of Class Action Settlement, filed July 31, 2014 (the "Motion") on behalf of all plaintiffs and defendants in the above-captioned actions (the "Parties");

4.      WHEREAS, the Parties have entered into a Stipulation of Settlement, dated July 31, 2014, which was filed with the Court on July 31, 2014 (the "Stipulation");

5.      WHEREAS, the Court has reviewed the Motion, its accompanying memorandum, the Stipulation and the exhibits thereto;

IT IS HEREBY ORDERED THAT:

<u>Preliminary Approval of Stipulation</u>

6.      The terms of the Stipulation are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class (terms used in this Order that are defined in the Stipulation are, unless otherwise defined herein, used in this Order as defined in the Stipulation).

7.      Subject to further consideration at the Final Approval Hearing, the Court finds that the Stipulation was entered into at arms'-length by highly experienced counsel as a result of serious and informed negotiations under the supervision of an experienced mediator, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and is sufficiently within the range of procedural and substantive reasonableness that notice of the Stipulation should be given as provided in this Order.

<u>Conditional Certification of Settlement Class</u>

8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby conditionally and preliminarily certifies, for purposes of effectuating the Settlement only, the following class (the "Settlement Class"):

> All persons who purchased Red Bull Products in the United States during the Class Period.  Specifically excluded from the Settlement Class are: (a) employees, officers, directors, agents, and representatives of (1) Defendants and each of their subsidiaries and affiliates, and (2) all distributors, wholesalers, retailers, and licensors of Red Bull Products; (b) those who purchased Red Bull Products for the purpose of re-sale; (c) all federal judges who have presided over either of the Actions; and (d) all persons who have been properly excluded from the Settlement Class.

9. The "Class Period" is, as defined in the Stipulation, from January 1, 2002 up to and including the date Class Notice is provided to the Settlement Class Members.

10. The Court finds that conditional certification is warranted in light of the Stipulation because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs and the Settlement Class share common questions of law and fact; (c) Plaintiffs' claims are typical of the Settlement Class; (d) Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (e) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving this matter.

11. For purposes of settlement, the Court hereby appoints Morelli Alters Ratner, LLP and Kaplan Fox & Kilsheimer LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

12. For purposes of settlement, Plaintiffs Benjamin Careathers, David Wolf, and Miguel Almaraz will serve as class representatives on behalf of the Settlement Class.

13. For purposes of settlement, the Court hereby appoints The Garden City Group, Inc. ("GCG") as Class Action Settlement Administrator.

Notice to Potential Settlement Class Members

14. Approximately two hundred and ten (210) days after Class Notice is provided, as set forth by the Stipulation, a Final Approval Hearing will be held to: (a) determine finally whether the settlement is fair, reasonable, and adequate; (b) determine whether a Final Order and Judgment should enter in this action based on this settlement; and (c) rule on Class Counsel's application for fees and costs and the class representatives' incentive awards. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.

15. The Court finds that the Class Notice and the manner in which it will be disseminated, as described in Section V of the Stipulation and accompanying exhibits, is the best practicable notice to the Settlement Class under the circumstances and clearly and concisely states in plain, easily understood language:

(a) the nature of the action; (b) the definition of the class certified; (iii) the class claims and issues; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3).

16. The Court finds that the Class Notice is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and complies with the Due Process Clause of the United States Constitution.

17. All Settlement Class Members who properly make a request for exclusion from the Settlement Class, as provided in the Stipulation and Class Notice, shall not be deemed Settlement Class Members and, as such, shall have no rights to participate in the Settlement should it be finally approved. The names of all such Settlement Class Members shall be attached as an exhibit to any Final Order and Judgment.

Schedule of Notice and Proceedings

18. Within ten (10) days after the entry of this Preliminary Approval Order and Stipulation by the Court, Red Bull shall serve this Order and the Stipulation upon the appropriate Federal official and the appropriate State official of each state or territory in which a Settlement Class Member resides pursuant to 28 U.S.C. § 1715;

19. Within thirty (30) days after the entry of this Preliminary Approval Order and Stipulation by the Court, the Class Action Settlement Administrator shall commence distribution of the Notice and Claim Form to the putative Settlement Class Members;

20. All completed Claim Forms must be postmarked or submitted online within one hundred and fifty (150) days after the Notice distribution date;

21. A Final Approval Hearing shall be scheduled within approximately two hundred and ten (210) days after Class Notice is provided, or as the Court's schedule permits;

22. All papers in support of final approval of the Stipulation and in support of Plaintiffs' applications for attorneys' fees and expenses and class representative incentive awards shall be filed no later than thirty (30) days prior to the Final Approval Hearing;

23. Any requests for exclusion from the Settlement Class must be postmarked or submitted online not less than thirty days prior to the Final Approval Hearing;

24. Any objections to the Stipulation must be filed with the Court and served on the Parties' counsel not less than thirty (30) days prior to the Final Approval Hearing;

25. Any replies to objections to the Stipulation must be filed with the Court and served on the Parties' counsel not less than seven (7) days prior to the Final Approval Hearing; and

26. The Class Action Settlement Administrator shall file with the Court proof of compliance with the Notice Program no later than seven (7) business days prior to the Final Approval Hearing.

Effect of Denying Final Approval

27. If the Court denies final approval of the settlement or the settlement is terminated by the Parties pursuant to the terms of the Stipulation for any reason:

(a) The Stipulation and all orders and findings entered in connection with the settlement shall: (i) become null and void and have no force and effect with respect to any party in the litigation; (ii) not be discoverable, used, referred to, or offered into evidence for any purposes whatsoever; and (iii) not be construed as any admission or concession by any of the Parties concerning any point of fact or law, including without limitation the propriety of Class certification or Red Bull's liability with respect to claims that were or could have been asserted in this Action;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, the Action shall proceed as though the Settlement Class had never been certified pursuant to this settlement and such findings had never been made, and the Action shall return to the procedural *status quo* before entry of this Order;

(c) All of the Court's prior orders having nothing whatsoever to do with class certification or settlement approval shall, subject to this Preliminary Approval Order, remain in force and effect.

28. Pending final determination of whether the settlement should be approved, no Settlement Class Member directly, derivatively, or in a representative or any other capacity, shall commence any action

against any of the Released Persons in any court, tribunal or other adjudicatory body asserting any of the Released Claims.  All Settlement Class Members who do not properly make a request for exclusion from the Settlement Class shall be bound by the Final Order and Judgment should it be entered.

Settlement Administration

29. To effectuate the Stipulation and the Class Notice provisions, the Court hereby approves and appoints GCG as the Class Action Settlement Administrator.

30. The Court finds that GCG is both experienced and qualified to serve in this capacity, including to assist and provide professional guidance in the implementation of the notice program, the claims filing process, and other aspects of the settlement administration.

31. The Notice of Class Action and Proposed Settlement (Exhibit B to the Executed Stipulation of Settlement, Dkt. #42-1) shall be corrected with the following address for the Clerk of Court for the submission of objections: Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312.

32. Upon receipt of any Objections to the Stipulation of Settlement, or Requests to Appear at the Settlement Hearing in this action, the Clerk of Court shall redact any street address, email address, or telephone number contained therein and promptly docket and file the redacted document publicly.  All original, unredacted documents shall be filed under seal.

33. The final fairness hearing shall be held on **May 1, 2015, at 10:00 a.m.**, to be held in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.  All references to the hearing contained in the notices shall reflect the proper time and location.

Dated: September 3, 2014
       New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE