UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN CAREATHERS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> vs.<br><br>RED BULL NORTH AMERICA, INC., a California corporation,<br><br>      Defendant. | Case No. 1:13-CV-0369 (KPF) |
| DAVID WOLF and MIGUEL ALMARAZ, individually and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA, INC., a California corporation; and RED BULL DISTRIBUTION COMPANY, INC., a Delaware corporation,<br><br>      Defendants. | Case No. 1:13-CV-08008 (KPF) |

**OBJECTION OF PAUL J. LOPEZ**

# STANDING AND PROCEDURES TO OBJECT

Objector's full name, current postal address and current telephone number are as follows:

Paul J. Lopez
1302 Bay Ridge Blvd.
Bay City, TX  77414
(817) 874-3535

Objector is a class member and has standing to make this objection.  *See* Declaration of Paul J. Lopez, Exhibit "1" hereto, incorporated by reference as though set forth in full.  Objector is represented by Samuel and Stein and Bandas Law Firm, PC.  Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm.  The statement of the objections and the grounds therefore are set forth below.  Objector does not intend on appearing at the fairness hearing either in person or through counsel but asks that his objection be submitted on the papers for ruling at that time.  Objector relies upon the documents contained in the Court's file in support of these objections.  Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein on grounds that such requirements seek irrelevant information to the objections, are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23.  Objector adopts and incorporates by reference as though set forth in full all other objections filed in opposition to this proposed settlement and/or proposed attorneys' fees and expenses that are not inconsistent with this objection.

# ARGUMENT

**Procedural Objections**

As a preliminary matter, objection is made with respect to certain procedural matters.  First, objection is made to the claims process as being too burdensome and the claims deadline to short.

This will have the effect of reducing the number of claims and the amount ultimately paid by Red Bull. These features contribute to the unfairness of the settlement. Second, objection is made that the deadline to object to the proposed settlement and to the proposed award of attorneys' fees, expenses and incentive awards is *before* the deadline for plaintiffs to file their motions for final approval of the class settlement and for approval of the proposed attorneys' fees, expenses and incentive awards. Procedural due process and general rules of fair play are at odds with requiring an objection to the proposed settlement and to the proposed award of attorneys' fees, expenses and incentive awards before the motions for same will be filed by the plaintiffs.

**Fairness, Adequacy and Reasonableness**

Under Rule 23(3)(2) of the Federal Rules of Civil Procedure, a proposed class action settlement may only be approved if it is shown to be "fair, adequate and reasonable." "The [C]ourt must review the negotiating process leading up to the settlement for procedural fairness, to ensure that the settlement resulted from an arm's-length, good faith negotiation between experienced and skilled litigators." *Charron v. Weiner*, 731 F.3d 241, 247 (2d Cir. 2013) (citations omitted), *cert. denied*, 134 S. Ct. 1941 (2014). "In class-action settlements, the adversarial process—or what the parties here refer to as their 'hard-fought' negotiations—extends only to the amount the defendant will pay, not the manner in which that amount is allocated between the class representatives, class counsel, and unnamed class members. For the economic reality [is] that a settling defendant is concerned only with its total liability, and thus a settlement's allocation between the class payment and the attorneys' fees is of little or no interest to the defense…. And that means the courts must carefully scrutinize whether [class counsel's and the named representatives'] fiduciary obligations have been met." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717-18 (6th Cir. 2013) (internal quotations omitted). The Court must also analyze substantive fairness considering the following nine factors:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the

> proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

"In reviewing a proposed settlement, a court should not apply any presumption that the settlement is fair and reasonable." Am. Law Institute, *Principles of the Law of Aggregate Litig.* § 3.05(c) (2010). "The burden of proving the fairness of the settlement is on the proponents." *Pampers*, 724 F.3d at 718 (compiling cases and authorities). An actual showing is required, beyond a court's "complete confidence in the ability and integrity of counsel." *Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1315 (11th Cir. 2013). The proponents of this settlement have not satisfied their burden of proving fairness, and objection is made on that basis.

Red Bull's total liability in this case includes cash payments or free Red Bull products provided to the class following the claims process. There will be no need to guess at the amount of the cash payments or the amount of Red Bull products that will be distributed because the claims deadline has passed and the Court may analyze that information. It should be noted that Red Bull has the right to provide cash in lieu of the free products and it will be illuminating to see to what extent they do so. The free products should not be valued at their retail cash value or even $10 for the purpose of calculating Red Bull's total liability.

The settlement also includes the following:

> As part of the settlement relief, Red Bull has voluntarily updated its marketing materials and product labeling directed at United Sates consumers to address the concerns raised as to the specific representations and omissions identified in the lawsuits and, while Red Bull believes that its marketing and labeling have always been entirely truthful and accurate, Red Bull confirms that all future claims about the functional benefits of its products will be medically and/or scientifically supported. Red Bull has also agreed to work with

> Plaintiffs' counsel to work on a mechanism to prevent United States Red Bull producers from inadvertently accessing Red Bull's foreign websites, which may contain different statements and representations than those found on Red Bull's U.S. website and marketing materials….The parties have agreed, however, that Red Bull may sell off its existing supply of products bearing the prior version of labels and use its older marketing materials until exhausted, but in no event later than September 1, 2014.

This should not be counted as part of Red Bull's total liability in this settlement. These are merely voluntary measures, which have largely already been adopted and do not depend on this Court's approval or disapproval of the proposed settlement. Many of the measures appear to already have been implemented. The only other major component of Red Bull's liability in this settlement is for attorneys' fees, expenses and incentive awards: $4,750,000 plus the three $5,000 incentive awards. In evaluating the fairness of this settlement the Court should consider the actual amount of cash paid to the class and the $4,750,000 more that could have been paid to the class but for class counsel's decision (discussed below) to earmark those funds for their own attorneys' fees and expenses.

Objection is also made to the lack of proportionality of the settlement relief. A class member who buys only one can of Red Bull receives the same benefits as a class member who purchases hundreds of cans of Red Bull.

**Attorneys' Fees And Expenses**

Attorneys' fee awards should "directly align[] the interests of the class and its counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir.) (quotation omitted), *cert. denied*, 544 U.S. 1044 (2005). Here, the class notice provides:

> Class counsel will apply to the Court for their fees and expenses not to exceed a total of $4,750,000.00, subject to the terms of the Stipulation. Class Counsel will also request that the Court approve Red Bull's payment of "incentive awards" of $5,000 to each of the three Class Representatives for their representation of the Class. Red Bull will not oppose these requests….All fees and expenses awarded to Class Counsel and incentive awards awarded to Class Representatives will be paid by Red Bull in addition to – that is,

>    separate and apart from – the cash and free Red Bull product distributions to Class Members, subject to the terms set forth in the Stipulation, and will therefore have no effect on the relief available to you should you submit a valid and timely Claim Form.

Class Notice at 8.

It should be noted at the outset that Red Bull is indifferent as to the allocation of any settlement payments between the consumers and attorneys' fees. *See, eg., Malchman v. Davis*, 761 F.2d 893, 908 (2d Cir. 1985) (Jon O. Newman, concurring), *cert. denied*, 475 U.S. 1143 (1986); *see also Pampers*, 724 F.3d at 717-18. The existence of separate funds, therefore, should be viewed as what it is: an artifact of class counsel's deliberate choice.

In an ordinary common fund settlement with unsegregated fees, this Court could correct any allocation issues because any fees not paid to class counsel simply reverts to the plaintiffs. *See, e.g., In re Citigroup Sec. Litig.,* 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing excessive fee request by $26.7M for benefit of shareholders). If "class counsel agreed to accept excessive fees and costs to the detriment of class plaintiffs, then class counsel breached their fiduciary duty to the class." *Lobatz v. U.S. West Cellular of Cal., Inc.,* 222 F.3d 1142, 1147 (9th Cir. 2000). Objection is made on this basis. *But see Blessing v. Sirius XM Radio Inc.*, 507 Fed. Appx. 1 (2d Cir. 2012) (not selected for publication in Federal Reporter), *cert. denied*, 134 S.Ct. 402 (2013).

In addition to the structural problems associated with the attorneys' fee request, the amounts sought by class counsel are excessive using either a percentage of recovery or lodestar analysis. Reasonableness is the primary question in determining an award of attorneys' fees. The Second Circuit has set forth the following six factors to determine the reasonableness of a fee application: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the

settlement; and (6) public policy considerations." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Applying these factors, the attorneys' fee and expense request is excessive.

## CONCLUSION

Objector Paul J. Lopez respectfully requests that these objection be sustained and that the Court refuse to approve the proposed settlement and the award of attorneys' fees and expenses.

Dated: March 31, 2015.

/s/David Stein
David Stein
Samuel and Stein
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884
Fax: (212) 563-9870
Email: dstein@samuelandstein.com (DS-2119)

*Attorney for Objector Paul J. Lopez*

## Certificate of Service

I hereby certify that on March 31, 2015, I caused one true and correct copy of the foregoing Objection to be served via ECF and First Class Mail postage prepaid upon the following parties:

Morelli Alters Ratner, LLP
Benedict P. Morelli
David S. Ratner
Adam Deutsch
777 Third Avenue, 31st Floor
New York, NY 10017

Morelli Alters Ratner, LLP
Jeremy W. Alters
Matthew T. Moore
Miami Design District
4141 Northeast 2nd Ave., Suite 201
Miami, FL 33137

Kaplan Fox & Kilsheimer LLP
Laurence D. King
Linda M. Fong
350 Sansome Street, Suite 400
San Francisco, CA 94104

Kaplan Fox & Kilsheimer LLP
Frederic S. Fox
850 Third Avenue, 14th Floor
New York, New York 10022

Kaplan Fox & Kilsheimer LLP
Justin B. Farar
11111 Santa Monica Blvd, Suite 620
Los Angeles, CA 90025

Skadden Arps Slate Meagher & Flom LLP
Jason D. Russell
Hillary A. Hamilton
300 S. Grand Ave. Suite 3400
Los Angeles, CA 90071

Kenneth A. Plevan
Jordan A. Feirman
Four Times Square
New York, NY 10036

    Dated: March 31, 2015                    _/s/ David Stein_
                                                                David Stein