LAWRENCE MONTECALVO
273 Lion Point
Boulder, CO 80302

March 30, 2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 21, 2015

**Original Via Overnight Mail**
**Honorable Katherine Polk Failla**
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
(Courtesy Copy Failla_NYSDChambers@nysd.uscourts.gov)

**Class Counsel for Plaintiff Benjamin Careathers Via Certified Mail**
Benedict P. Morelli
David S. Ratner
Adam Deutsch
Morelli Alters Ratner, LLP
777 Third Avenue, 31st Floor
New York, NY 10017

Jeremy W. Alters
Matthew T. Moore
Morelli Alters Ratner, LLP
Miami Design District
4141 Northeast 2nd Ave., Ste. 201
Miami, FL 33137

**Class Counsel for Plaintiffs David Wolf and Miguel Almaraz**
Laurence D. King
Linda M. Fong
Kaplan Fox & Kilsheimer LLP
350 Sansome Street, Ste. 400
San Francisco, CA 94104

Frederic S. Fox
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Justin B. Farar
Kaplan Fox & Kilsheimer LLP
11111 Santa Monica Blvd. Ste. 620
Los Angeles, CA 90025

1 Letter from Objector, Lawrence Montecalvo

**Defense Counsel Via Certified Mail**
Jason D. Russell
Hillary A. Hamilton
Skadden Arps Slate Meagher & Flom LLP
300 S. Grand Ave., Ste. 3400
Los Angeles, CA 90071

Kenneth A. Plevan
Jordan A. Feirman
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036

Re: Objections to Red Bull North America Class Action Settlement
  (a) Benjamin Careathers vs. Red Bull North America, Inc., a California Corporation, Case No. 1:13-CV-0369 (KPF)
  (b) David Wolf and Miguel Almaraz vs. Red Bull GMBH, a Foreign Company; Red Bull North America, Inc., a California Corporation, and Red Bull Distribution Company, Inc., a Delaware Corporation, Case No. 1:13-CV-08008 (KPF)

To the Court, Class Counsel and Defense Counsel:

I made at least one retail purchase of Red Bull in the United States between January 1, 2002 and October 3, 2014. My purchase was not for resale and I was not a Red Bull employee, officer, director, agent or representative. I filed a claim giving notice of this and am a member of the settlement class in this action. My attorney will be Denise Gibbon, Attorney at Law (dhgibbon@gmail.com), a licensed attorney in New York, who will file a motion to appear pro hac vice. Neither my attorney nor I intend to attend the Fairness Hearing but I want to make my objections to the proposed class action settlement known to the court and the other parties.

## I. DEFECTIVE NOTICE

The Class Notice is deceptive with respect to the Settlement Release. The Settlement Release is also overbroad and unfair to Class Members.

First, the Class Notice explicitly provides, "The release does not encompass any personal injury claims." However, the Settlement Agreement provides, "personal injury claims unrelated to the marketing or labeling of Red Bull Products will fall outside the scope of Released Claims" (Stipulation of Agreement at 10). Thus, the Release includes personal injury claims related to the marketing or labeling of Red Bull Products and, as

a result, personal injury claims are encompassed in the Release. The Notice is, therefore, deceptive and inadequate.

Second, the Release is overbroad and unfair to the Class because Class Members were led to believe that personal injury claims were outside the scope of the settlement. Neither Settlement nor the Notice mention or provide compensation for personal injuries. However, Class Members are being asked to release personal injury claims without adequate compensation for such an expansive release. The Court should exclude personal injury claims from the scope of the Settlement and Release. Class Members should be permitted to pursue claims against defendants for personal injury, regardless of the origin or cause of such claims.

## II.    CY PRES

The Settlement Agreement also is inadequate because it does not provide for how unclaimed and/or remaining settlement funds will be distributed. The mention of a cy pres distribution is absent from the Class Notice, which is unfair to the Class. A specific cy pres recipient should have been identified in the Settlement Agreement and the Notice. Additionally, the parties should have outlined how the cy pres recipient will utilize any remaining funds to benefit absent Class Members. No stipulation for unclaimed/remaining settlement funds was made here. The Settlement Agreement merely provides, "If the total value of those uncashed checks is less than $100,000.00, such amount shall be donated by Defendants as a cy pres remedy to one or more charitable organizations to be mutually agreed upon by the parties, such that there shall be a final balance of zero in the Distribution Fund." It is inappropriate for the Parties to simply gloss over the distribution of $100,000. Class Members deserve to know who will receive the unclaimed funds, and how the funds will be used to benefit absent Class Members.

## III.    ATTORNEYS' FEE REQUEST

Class Counsel's $4.75 million fee request is excessive and unreasonable. There is no report available online regarding the number of claims and how much money Claimants are expected to receive (whether in cash or in products). That information is

necessary because it is difficult to evaluate settlement fairness without knowing whether or not Class Members will be fairly compensated under the Settlement. Additionally, the arrangement between Defendants and Class Counsel creates the perception of impropriety and collusion. Defendants' agreement not to oppose Class Counsel's fee motion combined with the direct payment of Class Counsel's fees by Defendants, the details of which are set forth in the Settlement Agreement, suggests Class Counsel settled this case for the fee payment to the detriment of the Class. The Court should carefully consider whether or not the fee request is reasonable in light of the lack of information regarding the distribution of settlement funds.

Class Counsel has not achieved any beneficial results for the Class and the Settlement Relief is inadequate. As of March 21, 2015, Class Counsel has not submitted a fee motion to the Settlement Website for Class Members to review. Class Members cannot evaluate settlement fairness if the Class doesn't have one of the most critical settlement documents to review and respond to. The purpose of the fee motion is to explain the reasonableness and fairness of both the settlement and the fee request. Because Class Members do not have the Fee Motion, they do not have adequate information to make an informed decision regarding whether to submit a claim, object, or request exclusion.

The Settlement Relief is inadequate for two major reasons: the lack of settlement funds and Class Counsel's failure to address the underlying claims of the lawsuits.

First, the $13 million dollar settlement fund is likely insufficient to fairly compensate a nationwide class. Individuals from across the country (whether valid Class Members or not) visited the Settlement Website for the purpose of receiving free Red Bull. As a result, the website crashed. (See http://www.abajournal.com/news/article/reports_of_free_money_from_red_bull_settlement_lead_to_website_crash). The allure of something free, especially cash, without proof of purchase, may be too strong for many to pass up. As a result, neither the number of Claimants nor the lack of objections should be mistaken for Class approval of this Settlement, or settlement fairness. Settlement fairness should be based on

adequacy of the settlement to fairly compensate Class Members in exchange for their release of claims.

Second, the crux of this nationwide class action was Defendants' deceptive marketing and likelihood of personal injury caused by Red Bull products. However, the Settlement neither addresses Defendants' deceptive marketing, nor does it address personal injury claims. In fact, as of March 21, 2015, Defendants' website explicitly promotes Red Bull as an "Energy Drink" that creates an "alert state of body and mind" and creates a "boost to your concentration" (see energydrink-us.redbull.com/red-bull-consumption). Given that Red Bull provides no more of a boost than a cup of coffee with sugar, Red Bull's advertising and marketing materials are still deceptive.

Class Counsel claims that Defendants' business/marketing changes have a value of $18.5 million to the Class (Settlement Agreement at 21-22). That valuation is unsupported. Class Counsel's actions have not resulted in any changes that benefit the Class or the public. Further, the Settlement does not address personal injury claims. Instead, the Settlement provides Class Members with more Red Bull or a few dollars. As a result, the Settlement Relief is inadequate and Class Counsel's fee request should be reduced and the difference distributed to Claimants pro rata.

## IV.  EXCESSIVE PLAINTIFF INCENTIVE AWARDS

The named plaintiff incentive awards are excessive, unreasonable, and unfair to Class Members. The Settlement provides $5,000 to each of the named plaintiffs ($15,000) total. It is unclear what the average Claimant will receive under the Settlement; however, each named plaintiff will receive many times the maximum amount any Claimant is permitted to receive. Worse, the named plaintiffs are permitted to submit a claim to recover even more under the Settlement. The Court should reduce the amount the named plaintiffs receive as an incentive award. If class representatives expect to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard, which likely occurred here.

## CONCLUSION

For the foregoing reasons I respectfully object to the proposed class action settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 30, 2015.

_____
Lawrence Montecalvo, Objector