UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 21, 2015

Benjamin Careathers,
*individually and on behalf of all others similarly siturated,*
Plaintiff

v.

Red Bull North America, Inc.
Defendant

David Wolf and Miguel Almaraz,
*individually and on behalf of all others similarly siturated,*
Plaintiff

v.

Red Bull GMBH, Red Bull North America, Inc., & Red Bull Distribution Company
Defendants

13-CV-0369 (KPF)

13-CV-8008 (KPF)

**OBJECTION BY CLASS MEMBER JONATHAN CORBETT**

Cometh before the Court Jonathan Corbett, class member of the preliminarily approved settlement class in the above referenced consolidated cases, who objects to the settlement and offers the following declaration in support of his objection:

1. My name is Jonathan Corbett, I am a U.S. citizen over the age of 18, and I have read the operative complaints submitted by both Careathers and Wolf/Almaraz, as well as the Court's Order granting preliminary approval of a class action settlement (D.E. 45, Sept. 3rd, 2014).

2. I waive the privacy protections offered by the Court in ¶ 32 of the Order granting preliminary approval and request that this document be unsealed and publically accessible in full.

3. I request no compensation for my assistance to the preliminary settlement class, instead writing today for the sole purpose of expressing my dissatisfaction with this litigation conducted in my name and in the names of millions of Americans who may feel similarly to myself.

4. I am a member of the preliminary settlement class because I have made at least one purchase of Red Bull products in the United States in 2013 and I am not a member of any of the excluded categories of persons.

5. In fact, I have purchased hundreds, if not thousands, of units of Red Bull products for my personal consumption during the time frame of January 1st, 2002 to October 3rd, 2014.

6. I am aware of Red Bull's many marketing campaigns for its products, including catch-phrases such as "Red Bull Gives You Wings," the marketing materials found on its Web site, and its in-person promotions, giveaways, and sponsored events.

7. At no point did I actually expect that my consumption of Red Bull would result in the spontaneous growth of wings, nor the addition of wings to my body via any other method (surgical, divine intervention, *etc.*).

8. At no point did I feel that Red Bull's marketing has led me to believe that it was a scientifically-proven "superior" source of energy; rather, I assumed any claims of superiority made by Red Bull to be that of a product manufacturer's opinion that its own product is subjectively better than that of its competitors.

9. As class counsel concedes, whenever Red Bull did claim that something was demonstrated "scientifically," the basis for that claim was specifically cited such that anyone who cared to evaluate that claim could evaluate the evidence upon which Red Bull relied as a basis for its claim. *See*, for example, Careathers First Amended Complaint (D.E. 10), p. 8.

10. Class counsel's claims that there are scientific studies which conclude differently from those highlighted by Red Bull in their marketing material do not disprove the studies highlighted by Red Bull. The world of science is full of contradictory studies of even the most accepted facts, leaving the readers of any studies to independently evaluate their veracity.

11. I have also consumed coffee, on many occasions, throughout the January 1st, 2002 to October 3rd, 2014 period.

12. Despite knowing that coffee is generally (but not always, as any fan of Starbuck's Pumpkin Spice Latte is aware) less expensive, yet more caffeinated, than Red Bull, I continue to purchase and drink Red Bull simply because I enjoy it, not because I was misled into thinking that it is a scientifically-superior product by a Red Bull propaganda machine.

13. I find that Red Bull's product substantially fills the image that I had expected of it at the time of purchase, and that the naïveté required for one to have been genuinely "duped" by Red Bull's claims is greater than typically exhibited by young children, let alone adult purchasers of energy drinks.

14. This class action should be *sua sponte* dismissed in its entirety for failure to state a claim. *See Iqbal v. Ashcroft*, 556 U.S. 662 (2009) (requiring a complaint to be dismissed where facts pled are not plausible).

15. Should the Court find that to be too drastic of a remedy, I propose that the settlement agreement be modified such that all those making claims are required to certify that 1) they were led to believe, through Red Bull's marketing campaigns, that they were to receive wings, that scientists had proven Red Bull to be superior to coffee, or that they were otherwise deceived, *and* 2) that, but for their false impression, they would not have purchased a Red Bull product.

16. I also propose that the incentive awards provided to each of the three "class representatives" be modified such that the $5,000 is earmarked for their education, such that they may learn to evaluate marketing campaigns like normal, high-functioning adults.

17. Finally, I propose that the attorney's fees – which are, as we all know, the real reason why these lawsuits were filed – be cut from an absurd $4.75 million dollar maximum down to the amount of $100 per documented hour spent by any attorney working for the class, $50 per documented hour spent by any paralegal or other legal professional working for the class, and any documented and provable expenses. The granting of attorney's fees in the amount proposed by class counsel serve solely to harm the consumer, who will end up paying for these fees via increased prices for Red Bull products, which I will continue to buy, wings or not.

Dated: New York, NY
      October 13th, 2014

Respectfully submitted,

*/s/ Jonathan Corbett*

Jonathan Corbett
Class Member, *appearing pro se*
382 N.E. 191st St., #86952
Miami, FL 33179
E-mail: jon@professional-troublemaker.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Benjamin Careathers, *individually and on behalf of all others similarly siturated,*    Plaintiff<br><br>v.<br><br>Red Bull North America, Inc.    Defendant | 13-CV-0369 (KPF)<br><br>13-CV-8008 (KPF) |
| David Wolf and Miguel Almaraz, *individually and on behalf of all others similarly siturated,*    Plaintiff<br><br>v.<br><br>Red Bull GMBH, Red Bull North America, Inc., & Red Bull Distribution Company    Defendants | **AFFIRMATION OF SERVICE** |

I, Jonathan Corbett, hereby affirm that I have served my Objection by USPS first-class mail upon:

Morelli Alters Ratner, LLP
Benedict P. Morelli
David S. Ratner
Adam Deutsch
777 Third Avenue, 31st Floor
New York, NY 10017

Morelli Alters Ratner, LLP
Jeremy W. Alters
Matthew T. Moore
Miami Design District
4141 Northeast 2nd Ave.
Suite 201
Miami, FL 33137

Kaplan Fox &Kilsheimer LLP
Laurence D. King
Linda M. Fong
350 Sansome Street, Suite 400
San Francisco, CA 94104

Kaplan Fox & Kilsheimer LLP
Frederic S. Fox
850 Third Avenue, 14th Floor
New York, New York 10022

Kaplan Fox & Kilsheimer LLP
Justin B. Farar
11111 Santa Monica Blvd, Suite 620
Los Angeles, CA 90025

Kenneth A. Plevan
Jordan A. Feirman
Four Times Square
New York, NY 10036

Skadden Arps Slate Meagher &
Flom LLP
Jason D. Russell
Hillary A. Hamilton
300 S. Grand Ave., Suite 3400
Los Angeles, CA 90071

Dated: New York, NY
October 13th, 2014

Respectfully submitted,

_____
Jonathan Corbett
Class Member, *appearing pro se*
382 N.E. 191st St., #86952
Miami, FL 33179
E-mail: jon@professional-troublemaker.com