## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
———
TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(213) 687-5328
DIRECT FAX
(213) 621-5328
EMAIL ADDRESS
JASON.RUSSELL@SKADDEN.COM

April 24, 2015

**BY ECF**
Honorable Katherine Polk Failla
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

           RE:    *Careathers v. Red Bull North America, Inc., et al*,
                    Case No. 1:13-CV-0369 and *Wolf et al. v. Red Bull*
                    *North America, Inc. et al.*, Case No. 1:13-CV-08008

Dear Judge Failla:

      Plaintiffs and Red Bull (collectively, the "Parties") jointly write to the Court in advance of the Final Approval Hearing on May 1, 2015 to notify the Court that they have made a minor amendment to the Stipulation of Settlement filed on July 31, 2014 (ECF No. 42-1) (the "Stipulation") in accordance with § X.I of the Stipulation.[1] To the extent the Court has any questions concerning the amendment, counsel for the Parties will be prepared to discuss them at the Final Approval Hearing on May 1, 2015.

      As the Court is aware, the class to be finally certified here is defined as "all persons who purchased Red Bull Products *in the United States* during the Class Period" and "cover[s] all persons who could have been class members in either of the Actions." (Stipulation § II.A.26; Preliminary Approval Order, ECF No. 45, ¶ 8; Proposed Order for Final Approval, ECF No. 64-7, ¶ 2 (emphasis added).) The Parties chose this definition to ensure the broadest possible coverage using the shortest and clearest possible definition. To the Parties' knowledge, no one has objected to the class definition.

---

[1] Section X.I provides that the Stipulation may be modified in writing by Class Counsel and Defendants' Counsel, and that "[a]mendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court."

Honorable Katherine Polk Failla
April 24, 2015
Page 2

However, the same day that Plaintiffs' counsel filed their motion for final approval (April 8, 2015), a copycat class action complaint was filed by plaintiff Jose Rosado Acha in the United States District Court for the District of Puerto Rico, purportedly on behalf of "all consumers of Red Bull branded energy drinks, in the Commonwealth of Puerto Rico and all other U.S. territories." Ignoring this Court's express orders prohibiting precisely such actions (Preliminary Approval Order ¶ 28), Mr. Acha and his counsel have copied the large portions of the First Amended Complaint filed by Plaintiff Careathers in the instant action virtually word-for-word, complete with an allegation that the Red Bull Defendants' advertising "violates the New York Deceptive Acts and Practices Act." (*See* Exhibit 1 (Acha Complaint) ¶ 34; *see also* Exhibit 2 (redline comparing Acha Complaint to First Amended Complaint filed by Careathers).)[2] Mr. Acha has not yet served Defendants, apparently choosing to wait until the *Careathers/Wolf* settlement is finally approved. Significantly, Mr. Acha did not serve an objection to the Settlement, did not opt out of the Settlement, and did not submit any request for clarification that he was a Settlement Class Member.

It is the Parties' joint position that Mr. Acha is indisputably a member of the class pending certification here, and that the action he has filed in Puerto Rico is in violation of the Court's orders and must be dismissed and/or enjoined. Once the settlement is finally approved—provided Mr. Acha eventually serves his Complaint—Red Bull will move this Court to enjoin Mr. Acha's complaint from proceeding in duplicative litigation in Puerto Rico.

In the interest of judicial efficiency and facilitating the Court's consideration of that motion for injunction, Class Counsel and Defendants' Counsel have jointly amended the Stipulation to add the following as § II.A.31: "'United States' means all fifty States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the other territories and possessions of the United States." (*See* Notice of Amendment of Stipulation of Settlement concurrently filed herewith.) While the Parties believe that the Stipulation currently, and clearly, covers the claims asserted by Mr. Acha, out of an abundance of caution and to ensure the easiest possible record on which to obtain injunctive relief, the Parties have decided to add this technical modification to the Stipulation to eliminate any prospective arguments as to the membership in the Class. It is the parties' belief that the amendment will assist not only this Court, but any other courts that could be presented with the antics of similarly opportunistic plaintiffs seeking to evade this Court's binding orders.

---

[2]  Mr. Acha is clearly aware of this action, as demonstrated by not only his plagiarized complaint, but his choice to file his action in Puerto Rico on the day Plaintiffs filed their briefing in support of their motion for final approval in this Court.

Honorable Katherine Polk Failla
April 24, 2015
Page 3

The Parties are notifying the Court of this amendment in advance of the Final Approval Hearing so that the Court may seek clarification from the Parties if it believes any is required and can give guidance to the Parties on this issue at the hearing. This amendment reflects the shared understanding and interpretation of the parties to the Stipulation and qualifies as an immaterial amendment within the meaning of Section X.I of the Stipulation that does not require any additional notice to be provided to Settlement Class Members. Indeed, from the inception of the settlement process, Class Counsel, Defendants' Counsel and claims administrator Garden City Group, LLC ("GCG") have understood that the settlement encompasses residents of, *inter alia*, Puerto Rico and the U.S. territories (collectively, the "U.S. Territories") as members of the conditionally certified Settlement Class, and have notified and treated them accordingly, as described below.[3]

*First*, the Preliminary Approval Order prepared by the parties and entered by this Court on September 3, 2014, requires notification of "the appropriate Federal official and the appropriate State official of each state ***or territory*** in which a Settlement Class Member resides pursuant to 28 U.S.C. § 1715." (Preliminary Approval Order ¶ 18 (emphasis added).) Pursuant to that order, GCG sent letters, attached hereto as Exhibits 3 and 4, describing the Settlement to the Attorneys General of the U.S. Territories, noting that "Defendants believe that there may be Settlement Class Members residing in each state, as well as the U.S. territories and Washington, D.C."

*Second*, as set forth in the Declaration of Lael Dowd of GCG submitted with the Motion for Final Approval ("Dowd Decl.," ECF No. 64-2), the notice program combined print publication, internet banner advertising, mobile advertising, and the creation of a dedicated informational Settlement Website and toll-free telephone number where Settlement Class Members were able to obtain relevant information

---

[3] This interpretation is also consistent with federal law, which recognizes that "a person who, like the plaintiff, resides in a U.S. territory . . . does not reside outside the United States." *Romeu v. Cohen*, 265 F.3d 118, 121 (2d Cir. 2001) (noting the law "define[s] 'State' to mean 'a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Virgin Islands, and American Samoa"); *United States v. Vega Figueroa*, 984 F. Supp. 71, 77 (D.P.R. 1997) (noting that the Immigration and Nationality Act provides that "United States" includes "the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States."); *Lopez Lopez v. Aran*, 894 F.2d 16, 17 (1st Cir. 1990) ("Puerto Rico is part of the United States.").

Honorable Katherine Polk Failla
April 24, 2015
Page 4

about the Settlement. (Dowd Decl. ¶ 5.) The Supplemental Declarations of Lael Dowd and Jennifer M. Keough, attached hereto as Exhibits 5 and 6, respectively, further attest that the GCG Notice Program intended to, and did, reach the U.S. Territories (*see* Ex. 5 ¶¶ 7-9; Ex. 6 ¶¶ 5-9), including through the following media:

- Print Publication. GCG published notice in *People*, *Sports Illustrated* and *Wired* magazines, all of which had circulation in Puerto Rico and other U.S. territories. (Dowd Decl. ¶ 10; Ex. 5 ¶ 8.) These notices did **not** contain language suggesting that class relief was only available to residents of the fifty States; instead, they stated that "[i]f you made retail purchases of Red Bull products between January 1, 2002 and October 3, 2014 you may be entitled to a cash payment *or* free Red Bull products from a class action settlement" and "[y]ou are a Class Member if you purchased a Red Bull energy beverage between January 1, 2002 and October 3, 2014. For persons specifically excluded from the class, please view the long form notice on the settlement website." (Dowd Decl. Ex. A.) The publication notice also included instructions on how to obtain assistance in Spanish: "*Si a usted le guitaría hablar con un operador en vivo en español, llame al (877) 495-4568.*" (*Id.* (emphasis in original).)

- Internet/Mobile Advertising. The Internet banner advertisement campaign, which appeared on, among other sites, Yahoo! and Yahoo! Sports websites in the U.S. Territories, allowed potential Settlement Class Members to click on the banner advertisement and view the Settlement Website. (Dowd Decl. ¶¶ 12-13 and Ex. B.) Indeed, impressions were actually received from Puerto Rico and/or other U.S. Territories on the Yahoo! and Yahoo! Sports webpages. (Ex. 5 ¶ 8.) Impressions were also received from the U.S. Territories on the Yahoo! mobile site. (*Id.*; *see also* Dowd Decl. ¶ 14 and Ex. C (describing the mobile phone advertisements in the Notice Program). All of the banners on these sites linked to the Settlement Website. (*Id.* ¶¶ 12-14 and Exs. B and C.)

- Press Releases. The Notice Program also included the distribution of a press release in English and Spanish, which were circulated in U.S. Territories over PR Newswire and National Hispanic newslines in substantially the same form as the Publication Notice (Dowd Decl. ¶ 16 and Ex. E), including in over 200 media outlets in Puerto Rico alone. (Ex. 5 ¶ 8.)

Honorable Katherine Polk Failla
April 24, 2015
Page 5

*Third*, all the forms of notice described above directed potential claimants to the Settlement Website, where they could fill out a claim form and either submit it online or print it out and mail it to GCG. The claim form on the Settlement Website was intentionally developed and equipped to handle addresses from the U.S. Territories. (Ex. 6 ¶ 7). Accordingly, the "drop down" menu for addresses on the claim form permitted the claimant to select not only all 50 states and the District of Columbia, but also Puerto Rico and other U.S. territories as an option. (*Id.*) Thus, a purchaser from Puerto Rico or the U.S. territories visiting the Settlement Website could readily confirm that they were members of the class simply by viewing the claim form. (*Id.*) Furthermore, as noted above, the notices provided toll-free numbers, accessible from the U.S. Territories, where GCG operators were standing by to answer questions about the settlement, including class membership, in both English and Spanish. (*Id.* ¶ 8.) That toll-free number did, in fact, receive calls from the U.S. Territories, and if individuals in the U.S. Territories inquired whether they were members of the Settlement Class given their location, they would have been informed that they were Class Members. (*Id.*)

In light of the foregoing, it is GCG's professional opinion that the Notice Program was both implemented to achieve best practicable notice to the Class and reached the U.S. Territories. (Ex. 5 ¶ 9.) This is further confirmed by the submitted claims themselves. As reflected in the chart below, the valid claims reported to this Court in the Motion for Final Approval included **2,792 claims from outside the fifty States/District of Columbia**.

| Count | Abbreviation | Territory Name |
|---|---|---|
| 251 | AA | Armed Forces Americas (except Canada)[4] |
| 1004 | AE | Armed Forces Europe/Canada/Middle East/Africa |

---

[4]   That the parties intended the class to include residents of Puerto Rico and the U.S. territories and possessions, including members of the U.S. armed forces abroad, is evidenced by the inclusion of language in the Stipulation and the notice that "if shipment to a particular Claimant is not feasible or commercially reasonable, such as, for example, where the products would be shipped internationally and the cost to ship would exceed the products' Retail Value, then Red Bull shall have the right to substitute the Cash Option instead of the Product Option for that particular Claimant." (Stipulation § IV.A.4.(b) and ECF No. 64-1 Ex. A at 3, 4, 20 (Long Form Notice and Claim Form).)  This term was added to ensure that Red Bull would be able to avoid the costs of shipping cans of Red Bull great distances, or across oceans, where the cost of shipping greatly exceeded the value of the actual product.

Honorable Katherine Polk Failla
April 24, 2015
Page 6

| 445 | AP | Armed Forces Pacific |
| 1 | AS | American Samoa |
| 150 | GU | Guam |
| 7 | MP | Northern Mariana Islands |
| 826 | PR | Puerto Rico |
| 1 | PW | Palau |
| 107 | VI | U.S. Virgin Islands |

(Ex. 6 ¶ 5.) In accordance with the Settlement Agreement, GCG has processed these claims and intends to pay them out, just as GCG has processed and intends to pay out the claims from the fifty States. (Id. ¶ 9.)

Given the indisputably robust notice provided to the residents of Puerto Rico and other U.S. territories, as evidenced by the equally robust response in valid claims submitted by residents of those territories, it is the parties' position that this amendment of the Stipulation, in accordance with § X.I., is a purely ministerial change, which does not require any "additional notice" to the class members. We are happy to provide the Court with any additional information or guidance that may be requested.

Respectfully submitted,

Jason D. Russell

cc: Benedict P. Morelli, Esq.; David S. Ratner, Esq.
    Jeremy W. Alters, Esq; Matthew T. Moore, Esq.
    Laurence D. King, Esq; Linda M. Fong, Esq.