UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN CAREATHERS, individually, and on behalf of all others similarly situated, | 1:13-CV-0369 (KPF) |
|     Plaintiff, | |
|  - against - | |
| RED BULL NORTH AMERICA, INC., A California corporation A California corporation a California corporation,     Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| |
|---|
| DAVID WOLF and MIGUEL ALMARAZ, individually and on behalf of others similarly situated, |
|     Plaintiff, |
|     v. |
| RED BULL GMBH, a foreign company; RED BULL NORTH AMERICA, INC., a California corporation; and RED BULL DISTRIBUTION COMPANY, INC., a Delaware corporation, |
|     Defendants. |

_____

**MOTION OF OBJECTOR PATRICK CRUZ FOR RECONSIDERATION**
_____

Law Office of Quyen C. Hoang
17011 Beach Blvd., Suite 900
Huntington Beach, CA 92647
Attorney for Objector Patrick Cruz

PRELIMINARY STATEMENT

Counsel for the instant Objector respectfully submit this "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. Local Civ. R. 6.3 (Effective Jan. 10, 2012).   During the fairness hearing on May 1, 2015, the record reflects that the court relied on several erroneous facts that restrained its ability to work a just and fair result for the class.  Firstly, the record reflects in several instances that the court chose not to perform even a cursory lodestar analysis of class counsels' attorney fees request.  Secondly, the court did not consider the one sided attorney fee allocation in setting its percentage fee award to class counsel.  Thirdly the record reflects that the court believed it did not have the authority to order the un-awarded attorney's fees to revert to the settlement fund. The object of the instant motion thusly seeks not to argue that the court erred by exceeding its authority, but rather that this court erred in not applying the full breadth of its discretionary powers over matters relating to class action attorney's fees which resulted in a judgment that unjustly limited the benefits to the class.  Just as important, the instant judgment coupled with the factual record creates a dangerous precedent that limits the courts authority to work, rework or otherwise fashion a just resolution regarding matters of attorney's fees.

ARGUMENT

Pursuant to S.D.N.Y. Local Civil Rule 6.3, a motion for reconsideration is proper when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." FR 8 Singapore Pte. Ltd. v. Albacore Mar. Inc., 794 F. Supp. 2d 449, 451 (S.D.N.Y. 2011)

(Holwell, J.) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Under this standard, the judgment for attorney's fees should be amended to reduce the attorney's fees awarded to the law Firm of Morelli, Alters & Ratner LLC, (hereinafter "the Morelli Firm"). Additionally, the judgment should be amended to order that all unawarded attorneys fees should be added to the settlement fund and not reimbursed to Defendants.

A. <u>The attorney fee award to the Morelli firm is still excessive based on allocation agreement with co-counsel</u>

Based on the notice to the class, and the motion for attorneys fees filed by class counsel, the attorney fee allocation is roughly 73/27 favoring the Morelli firm.  This is in spite of the fact that co-counsel at the firm of Kaplan, Fox & Kilsheimer, LLP ( hereinafter "the "Kaplan firm") performed more work.  Table 1 shows the requested fee allocation and Table 2 shows the projected allocation based on the awarded fees.

|  | Amount allotted | Lodestar Hours | Avg. Hourly Rate | % |
|---|---|---|---|---|
| Morelli Firm | $3,500,000 | 958.45 | $3,651.72 | 73.68% |
| Kaplan Firm | $1,250,000 | 994.50 | $1,256.91 | 26.32% |
| Total | $4,750,000 | 1952.95 | $2,598.34 | 100% |

Table 1

|  | Amount | Lodestar Hours | Avg. Hourly Rate | % |
|---|---|---|---|---|
| Morelli Firm | $2,490,384 | 958.45 | $2,598.34 | 73.68% |
| Kaplan Firm | $889,616 | 994.50 | $894.53 | 26.32% |
| Total | $3,380,000 | 1952.95 | $1,730.71 | 100% |

Table 2

The tables above reveals that despite the courts reduction in the requested attorneys fees, because of the lopsided allocation, the Morelli firm still makes over twice as much as the Kaplan firm while working 35.55 hours less!  And whereas the awarded fees translates to an arguably reasonable hourly rate of $894.53 hours for the Kaplan firm, the Morelli Firm is awarded $2,598.34 per hour for what was admittedly the same type of work as the Kaplan firm.

At the fairness hearing, the record reflects that during oral arguments with counsel for Objector Patrick Cruz, the court indicated that it would not interfere with agreements between class counsel on how to divide the awarded fees.  The record is silent as to what the basis of this refusal was.  Whether it was because of a perceived lack of authority to do so or simply discretionary preference, the reason is left to be surmised.  Regardless, this was error.  This is evident in that the court also indicated approvingly shortly thereafter that it's duty was to ensure that any awarded fees to class counsel be reasonable.  This sets up a question of precedential value, whether a court can intervene where a seemingly reasonable percentage fee (herein 26%) can result in an unreasonable fee award whereas here there is a substantially one sided fee allocation agreement between class counsels.

There is very little case law concerning the allocation of attorneys' fees among co-counsel.   That which does exist indicates that district courts may refuse to accept a fee allocation agreement whenever there is good cause to do so.  The Second Circuit in *In re "Agent Orange" Prod. Liab. Litig.,* 818 F.2d 216, 222 succinctly held that with regards to attorney fee allocation agreements, "[w]e reject this authority, however, to the extent it allows counsel to divide the award among themselves in *any* manner they deem satisfactory under a private fee sharing agreement. Such a division overlooks the district court's role as protector of class interests under Fed.R.Civ.P. 23(e) and **its role of assuring reasonableness in the awarding of**

**fees in equitable fund cases**."  The Court further held, "… the fact that the returns on the advanced expenses did not directly affect the class fund is of little consequence, since we have already determined that the **district court's responsibility** under *Grinnell I* and *Grinnell II,* as well as under Fed.R.Civ.P. 23(e), goes beyond concern for only the overall amount of fees awarded and **requires attention to the fees allocated to individual class counsel**." [Emph. Added] Id. at 225.[1]

Additionally, the Agent Orange Court held, "…while the practice of allowing class counsel to distribute a general fee award in an equitable fund case among themselves pursuant to a fee sharing agreement is unexceptional, we find that any such agreement must comport essentially with those principles of fee distribution set forth in *Grinnell I* and *Grinnell II*…**that the distribution of fees must bear some relationship to the services rendered.**  [Emph, added] Id. at 223.   "**The test to be applied is whether, at the time a fee sharing agreement is reached**, class counsel are placed in a position that might endanger the fair representation of their clients and **whether they will be compensated on some basis other than for legal services performed.**" [Emph. Added] Id. at 224.  See also, *Smiley v. Sincoff*, 958 F.2d 498, 501 (2d Cir.1992) wherein the Second Circuit affirmed the district court's rejection of a fee agreement between two attorneys.   The court explained:

"A district court's exercise of this broad discretion to review and modify a fee agreement is not limited to situations in which it finds windfall, adverse class impact, or other irregularity.

---

[1] The In Re Agent Orange court also held that "in all future class actions counsel must inform the court of the existence of a fee sharing agreement at the time it is formulated." Id. 226.  It is uncertain if Class counsel has so advised the court of their fee sharing agreement, but to the extent that they did not, Objector's herein also objects and additionally asks this court to reduce the fee of the Morelli firm based thereon.

Whenever a court finds good reason to do so, it may reject an agreement as to attorneys' fees just as it may reject an agreement as to the substantive claim."

Id. (internal quotations omitted).   So long as the district court provides a "concise but clear explanation" of its reasons, and those reasons are supported by the record, the reviewing court should accept its decision.   Id. at 502.

See also Class Plaintiffs v. Jaffe & Schlesinger, P.A., 19 F.3d 1306, 1308 (9th Cir.1994), "It is well established that an award of attorneys' fees from a common fund depends on whether the attorneys' specific services benefited the fund-whether they tended to create, increase, protect or preserve the fund.") (internal quotation omitted).   Thus, this case supports the proposition that a court may reject a fee allocation agreement where it finds that the agreement rewards an attorney in disproportion to the benefits that attorney conferred upon the class-even if the allocation in fact has no impact on the class.

In the instant case, the courts goal of divining a reasonable percentage and it's admitted disdain[2] for lodestar analysis led to a failure to ensure that the actual fees received by individual class counsel was fair and reasonable.  Although the fee to the Kaplan firm of $889,616, based on the existing allocation regime was arguably reasonable, the same could not be said for the fee that the Morelli Firm will receive.  As set forth in Table 1 and 2 above, it cannot be said that the Morelli Firm worked harder or was more accomplished than the Kaplan Firm or that they contributed significantly more to the class settlement than the Kaplan firm did.  Yet they received  almost a third more than the Kaplan firm.  Thus, any fees the Morelli firm receives

---

[2] During oral arguments and during rendition of the judgment, the court stated that it does not like using the lodestar method preferring to use only a simple percentage check.

above and beyond that awarded to the Kaplan firm is prima fascia excessive and consequently unreasonable.

> B. The Court erred in restricting its own broad authority to modify the attorney fees agreement  to allow unawarded fees to revert to the class.

At the fairness hearing, during oral arguments of Quyen C. Hoang, attorney for Objector Patrick Cruz, regarding attorneys fees and whether unawarded fees should revert to the class, the court inquired of Counsel for Defendant whether its powers are limited to approving or denying the settlement.  Counsel for Defendant stated that the court can only approve the settlement or deny it as is.  The court agreed with this assessment. During the rendition of judgment, the court stated that it "wished" it could order the unawarded amount of attorneys fees roughly $1,120,000 to revert to the class.  However, the court believed that it was without authority to do so.

Defense counsel's myopic assessment of the courts powers to modify terms regarding attorneys fees is self-serving and erroneous.  It runs counter to Rule 23 and the cases set forth above that establishes that the District Court has broad discretion to modify attorney's fees agreement, including how it is to be allocated, in order to work a reasonable award.  Because there is a dearth of cases directly on point and possibly one of first impression for appeal, the instant judgment sets a dangerous precedent.  Although there are numerous cases cited in the Motion for attorneys fees regarding the propriety of attorneys fees being paid directly from the defendant, there has been no cases cited for the proposition that the court is without authority to order unawarded fees in such instances to revert to the Class rather than the defendants.   This motion seeks and this court should hold that its powers over attorneys fees are sufficiently broad and robust to

Order unawarded fees to revert to the class where it deems appropriate, such as the instant action.

Additionally, the stipulation for settlement provides such authority to the court. without jeopardizing the approval of the settlement.  Specifically, the Stipulation for Settlement, Paragraph IX, D, 2, pages 30-31, reads in pertinent parts that :

D. In addition, any Settling Party shall have the option to withdraw from this Stipulation, and to render it null and void, if any of the following occurs:

2. The preliminary or final approval of this Stipulation is not obtained without modification not agreed upon by each Settling Party, which the withdrawing party deems in good faith to be **material (e.g., because it increases the cost of the settlement or deprives the withdrawing party of an expressly stated benefit of the settlement)**. [Emph. Added]

Therefore, the modification of the settlement to award unawarded attorneys fees to revert to the class would not jeopardize the settlement since it does not "increase the cost of the settlement" or "deprives" either party "of an expressly stated benefit of the settlement." The fact that this paragraph is included in the Settlement is proof that such modifications are not just countenanced but **acceptable.**

Additionally, Paragraph X, I, page 33, 34 reads in pertinent parts,

 This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and Defendants' Counsel. Amendments and modifications may be made without additional notice to the Settlement Class Members unless such notice is required by the Court.

This paragraph clearly permits modifications.  Thus the courts modifications to allow unaware fees to revert to the class would not even cause delay of the judgment.


CONCLUSION

Based on the preceding, it is respectfully requested that the court reconsider it's May 12, 2015 judgment and order that the award of attorneys fees to the Morelli firm to be reduced to $889,616, based on the current allocation regime, to the same amount as the Kaplan firm.  Additionally, all unawarded attorneys fees shall revert to the class.


Dated:  5/24/2015                                        Respectfully Submitted


                                                        / Quyen C. Hoang/
                                                        _____
                                                        Law Office of Quyen C. Hoang
                                                        17011 Beach Blvd., Suite 900
                                                        Huntington Beach, CA 92647
                                                        Attorney for Objectors Patrick Cruz
                                                        and Ruben Quinones

9