```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
  BENJAMIN CAREATHERS,                                :
                                                      :
                              Plaintiff,              :   13 Civ. 0369 (KPF)
                   v.                                 :
                                                      :
  RED BULL NORTH AMERICA, INC.,                       :
                                                      :
                              Defendant.              :   ORDER
------------------------------------------------------X
  DAVID WOLF, et al.,                                 :
                                                      :
                              Plaintiff,              :
                   v.                                 :   13 Civ. 8008 (KPF)
                                                      :
  RED BULL GMBH, et al.,                              :
                                                      :
                              Defendant.              :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 27, 2015

KATHERINE POLK FAILLA, District Judge:

    Before the Court is Objector Patrick Cruz's Motion for Reconsideration. (Dkt. #109-110). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"). "A motion for reconsideration may not be used to advance new facts, issues or

arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson* v. *Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made to "reflexively [] reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d at 387 (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

The instant motion for reconsideration is not predicated on any controlling decisions the Court overlooked, nor has there been an intervening change in the law. Despite Objector's contentions, the Court considered all of the data and information before it in rendering its decision on attorneys' fees. Objector has not submitted any evidence calling the Court's factual findings — or its legal conclusions — into question. Objector's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motions pending at docket entries 109 and 110.

SO ORDERED.

Dated:   May 27, 2015
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge